IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN ASSOCIATION OF COSMETOLOGY SCHOOLS *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,<br><br>*Defendants*. | No. 4:23-cv-01267-O |

**DEFENDANTS' UNOPPOSED MOTION TO EXTEND DEADLINE TO RESPOND TO PLAINTIFFS' COMPLAINT**

Defendants respectfully request that the Court extend the deadline to answer or otherwise respond to Plaintiffs' Complaint. Undersigned counsel for Defendants has conferred with counsel for Plaintiffs, who indicate that Plaintiffs consent to the requested extension. The parties have also begun discussing a schedule for the case and anticipate filing a proposed summary judgment briefing schedule on or before March 15, 2024.

Good cause exists for the requested extension, which is the first extension sought by Defendants in this case. Plaintiffs filed their Complaint on December 22, 2023. Under Fed. R. Civ. P. 12(a)(2), Defendants' response is currently due March 4, 2024. However, undersigned counsel for Defendants has a hearing in another case scheduled for March 4, 2024, requiring travel to Riverside, California.

In addition, this case presents a challenge to a Department of Education final rule under the Administrative Procedure Act, 5 U.S.C. § 706. Accordingly, this case qualifies as an "action[] for review of the administrative action of a[] federal agency," exempt from the pretrial

scheduling and management requirements of Fed. R. Civ. P. 16(b). *See* L.R. 16.1(i). As such, this case can and will likely be resolved as a matter of law on cross-motions for summary judgment based on an administrative record. *See, e.g.*, *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court."). An answer is therefore unlikely to play a role in resolution of the case. Meanwhile, Defendants anticipate that the administrative record for the final rule at issue will be voluminous, consisting of the records for the negotiated rulemaking process that took place pursuant to the requirements of the Higher Education Act of 1965, 20 U.S.C. § 1098a, as well as for subsequent notice and comment rulemaking. At this juncture, Defendants wish to focus their efforts in the case on compiling the administrative record. Defendants therefore seek to extend their deadline to respond to the complaint until thirty days after the Court rules on the parties' anticipated summary judgment cross-motions. The requested extension of the response deadline will allow Defendants to focus on compiling the record and will therefore serve the interests of judicial and party economy.

The parties are currently discussing a proposed schedule that will set forth a deadline for the lodging of the administrative record as well as for summary judgment briefing. Counsel for Defendants first contacted counsel for Plaintiffs on February 13, 2024 regarding an extension of the March 4 deadline, and counsel discussed how to proceed in the case by telephone on February 14, 2024. Plaintiffs indicated by email on February 20, 2024 that they were amenable to Defendants' proposal to extend the answer deadline until thirty days after the Court rules on the parties' cross-motions. The parties then exchanged several emails during the following two weeks through today regarding a summary judgment briefing schedule. The parties believe they

are close to reaching agreement but have not yet finalized a proposed schedule. The parties anticipate that they will file a proposed schedule on or before March 15, 2024.

Accordingly, Defendants respectfully request, with Plaintiffs' consent, that the deadline for Defendants' response to the Complaint be extended up to and including thirty days after the Court rules on the parties' anticipated cross-motions for summary judgment. Defendants appreciate the Court's consideration and respectfully request entry of the attached proposed order.

DATED:  February 29, 2024          Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

/s/ Kathryn L. Wyer
KATHRYN L. WYER (Utah Bar No. 9846)
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov
*Counsel for Defendants*

## **CERTIFICATE OF CONFERENCE**

On February 14, 2024, counsel for Defendants spoke with counsel for Plaintiffs, Edward Cramp, Drew Dorner, Joakim Soederbaum, and John Simpson, via telephone and discussed Defendants' request for an extension of time for Defendants to respond to the Complaint, as well as other issues pertaining to scheduling. Mr. Dorner subsequently indicated via email that Plaintiffs are amenable to Defendants' requested relief.

*s/ Kathryn L. Wyer*
Kathryn L. Wyer