IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN ASSOCIATION OF COSMETOLOGY SCHOOLS *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, <br><br> *Defendants*. | No. 4:23-cv-01267-O |

**PLAINTIFFS' AND DEFENDANTS' PROPOSED SCHEDULES
AND STATEMENTS IN SUPPORT**

The parties have conferred regarding a proposed schedule for proceedings in this case, which involves review of an administrative action. The parties are in agreement regarding the timeframe for the Defendants' filing of the administrative record, and further agree that this case is likely to be resolved through summary judgment. However, the parties were unable to reach agreement regarding the number and ordering of briefs. Pursuant to the Court's Order of March 1, 2024 [ECF 13], the parties therefore set forth their respective positions below. For the Court's convenience, each party will submit a proposed order to the Court in Word format.

**Plaintiffs' Position:**

The plaintiffs, the American Association of Cosmetology Schools and DuVall's School of Cosmetology, L.L.C. (collectively, "Plaintiffs"), propose the following schedule:

**April 30, 2024:** The government will lodge the administrative record, will mail the Court and counsel for Plaintiffs thumb drives or other storage media containing a copy of the entire record, and will file a Notice of Lodging on the docket of the case.

**July 30, 2024:** The Plaintiffs file their motion for summary judgment, not to exceed 50 pages. *See* LR 56.5(b). The government may, but is not obligated to, file a cross-motion for summary judgment by this date, which shall not exceed 50 pages. *Id*.

**September 15, 2024:** The government files its opposition to Plaintiffs' motion for summary judgment. If the government previously filed a cross-motion for summary judgment, Plaintiffs file their opposition thereto. Neither brief may exceed 50 pages. *See* LR 56.5(b). If the government did *not* previously file a cross-motion for summary judgment, Plaintiffs file nothing.

**October 25, 2024:** Plaintiffs file a reply in support of their motion for summary judgment. If the government filed a cross-motion for summary judgment, it replies to the Plaintiffs' opposition to its cross-motion. If the government did not previously file a cross-motion for summary judgment, the government files nothing. No reply brief may exceed 25 pages. *See* LR 56.5(b).

Plaintiffs' proposed schedule is premised on the longstanding rule that the party with the burden gets "the last word." *See Jorge v. Atl. Housing Found., Inc.*, No. 3:20-cv-2782, 2022 WL 6250698, at *4 (N.D. Tex. Oct. 7, 2022); *see also Anderton v. Tex. Parks & Wildlife Dep't*, No. 3:13-cv-1641, 2014 WL 11281086, at *1 n.1 (N.D. Tex. Feb. 14, 2014), *aff'd* 605 Fed. Appx. 339 (5th Cir. 2015). In this case challenging agency action under the Administrative Procedure Act ("APA") and U.S. Constitution, Plaintiffs have the burden of establishing that the government's Gainful Employment rule should be set aside pursuant to 5 U.S.C. § 706 or that it is unconstitutional. *See, e.g., Medina Cnty. Envt'l Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 699 (5th Cir. 2010). Thus, Plaintiffs are entitled to the last word in this matter. Yet, the government insists on a schedule that gives it the last word on Plaintiffs' case *and* an extra brief to which it is not entitled, all under a dubious claim that doing so is "normal" in APA cases and a

mistaken premise that the government has a legitimate cross-motion that it needs to file. The Court should reject the government's position and adopt Plaintiffs' proposed scheduling order.

Plaintiffs do not dispute the basic proposition that most APA review cases are decided on summary judgment and that schedules in such proceedings reflect that fact. But that is not always the case. Counsel for Plaintiffs herein tried an APA review case to the court in a two-day bench trial involving the validity of a Food and Drug Administration pronouncement in which the district court heard witnesses and entered findings of fact and conclusions of law, even though both parties had moved for (and been denied) summary judgment. *Professionals and Patients for Customized Care v. Shalala*, 847 F. Supp. 1359 (S.D. Tex. 1994), *aff'd*, 56 F.3d 592 (5th Cir. 1995). The plaintiff challenging the agency action in that case had the last word because the plaintiff had the burden of proof. That the instant case is likely to be resolved by summary judgment should not alter that longstanding practice. This is particularly true when one recognizes what is at stake in this lawsuit. Defendants have conceded the point that the majority of cosmetology programs represented by the Plaintiffs will fail the requirements of the challenged Gainful Employment regulation and lose federal funding. *See* ECF 1 ¶ 49. Therefore, it is manifestly unfair for the regulator to have the last word on whether its rule should be upheld when the Plaintiffs already are disadvantaged by the deferential nature of APA review.

The parties' disagreement on this issue arises out of the government's conflation of a cross-motion for summary judgment and an opposition to a motion for summary judgment. The government claims it is entitled to file a "combined opposition … and cross-motion" after Plaintiffs file their motion for summary judgment, arguing that the government cannot know what arguments it must make in its combined brief until it sees Plaintiffs' motion for summary judgment. Conveniently for the government, by forcing the Plaintiffs' to file their motion for

3

summary judgment six weeks before the government files its "combined opposition … and cross-motion," the government ensures that it, and only it, will get the last word in this case through its final reply brief. The government's reasoning not only runs afoul of giving the plaintiff the last word, but also lacks authoritative support under the law and ignores reality.

First, the government's refusal to cross-file opening summary judgment briefs on the same date is based on the flawed premise that it "would have to guess what Plaintiffs will argue and anticipatorily respond in their first brief …." The government knows what Plaintiffs will argue because it is spelled out in a 45-page complaint that describes the flaws of the Gainful Employment rule. The government is not in the dark about what Plaintiffs have placed at issue. Furthermore, a cross-motion would be the appropriate place for the government to argue affirmative or independent grounds for ruling in its favor. This could include (as examples only, the merits of which are denied) arguing a lack of final agency action or asserting the "challenges … to venue, jurisdiction, or pursuant to Federal Rule of Civil Procedure 12" that the government expressly reserved when moving for an extension to its time to answer. ECF 13. If the government truly believes it has affirmative grounds for cross-moving for judgment, it can file those arguments on the same day that Plaintiffs file their motion for summary judgment.

Second and relatedly, the government concedes that its "arguments … that summary judgment should be entered in [Defendants'] favor necessarily encompass its rebuttal of the plaintiff's legal challenges to the agency's decision." This concession highlights the flaw in the government's proposal because it shows that the government's "cross-motion" is not going to be a cross-motion at all, but rather a mere opposition to Plaintiffs' motion for summary judgment. If all the government intends to do is oppose Plaintiffs' summary judgment motion—as the government admits—then it should follow the same process that every other party opposing

summary judgment follows. Under this Court's rules, parties opposing summary judgment are entitled to a single opposition brief. *See* LR 56.5(b). Adding a "cross-motion" label to a brief that is, in effect, only an opposition should not buy the government an additional reply brief that will double as the last word in the case.

Third, the government's apparent belief that it must file a cross-motion is wrong. If the Court denies Plaintiffs' motion for summary judgment, that will mean that Plaintiffs failed to carry their burden to show that the government's Gainful Employment rule is void under the APA or is unconstitutional. In that case, the Court may enter judgment in favor of the government without a formal cross-motion having been filed by the government. *See Henok v. Chase Home Fin., LLC*, 922 F. Supp. 2d 110, 117 (D.D.C. 2013) ("[S]ummary judgment may be granted in favor of the nonmoving party without waiting for a cross-motion."). The government should not get to file a "cross-motion" and the last brief in the case when no cross-motion is even necessary. On this point, the government faults Plaintiffs for not citing "authority for the notion that Defendants could properly be prohibited from filing a cross-motion," but that is not what Plaintiffs contend. Under Plaintiffs' proposed schedule, the government is absolutely free to file a cross-motion if it so desires, as long as it is filed on the same day as the Plaintiffs' motion. Plaintiffs' schedule leaves it up to the government on whether the government will argue, in a cross-motion, affirmative or independent grounds for granting Defendants summary judgment, or if the government will simply make arguments in opposition to Plaintiffs' motion in an opposition brief. The government just does not like coming forward with its affirmative bases for summary judgment (if it even has any) on the same day that Plaintiffs file their opening brief. But this Court need not, and should not, cater to the government's preference.

Fourth, Plaintiffs' proposal is more efficient than the government's. It allows for this case to be resolved on as few as three briefs. If the government has nothing more to offer than oppositions to Plaintiffs' arguments for summary judgment (as the government's position statement indicates), then only three briefs should be filed: Plaintiffs' opening brief, the government's opposition, and Plaintiffs' reply. The government's claims of inefficiency are overstated and a six-brief record may not even come to pass. However, even if a total of six briefs are filed, this Court is more than capable of reviewing all of them.

Fifth and finally, the government's claims about what is "routine" or "typical" in APA cases should not steer this Court's decision. In each of the cases the government cites (*Utah v. Walsh*; *Timilsina v. Bryson*; *Texas Med. Ass'n v. U.S. Dep't of Health & Hum. Servs.*; *Data Mktg. P'ship, LP v. U.S. Dep't of Labor*; *Texas v. Cardona*; and *Mock v. Garland*), the plaintiffs <u>agreed</u> to staggered briefing schedules like the one the government desires here. In fact, in *Timilsina v. Bryson*, Judge Fitzwater's first two scheduling orders required the plaintiffs *and the government* to file summary judgment motions on the same day. *See* 3:22-cv-01327, ECF 10, 17. It was not until the parties filed a <u>joint</u> motion requesting a staggered schedule that a separate, later-filed cross-motion from the government was permitted. *Id.*, ECF 20. Plaintiffs in this case will not make the same agreement that these other plaintiffs made.

The government cites to a single case, *Banner Heart Hosp. v. Burwell*, as an instance in which the federal district court in Washington, DC ordered a staggered briefing schedule over the plaintiff's objection. Even so, in that case, the court invited the plaintiffs to request leave to file a sur-reply after the government filed its reply brief, reinforcing the concept that the plaintiff should have the last word. Moreover, in at least two other administrative review cases, the same court *rejected* the government's staggered briefing schedule and instead required the plaintiffs and

6

government to file their summary judgment motions, oppositions, and replies at the same time. *See, e.g., Buffalo Hosp. v. Sibelius*, No. 1:13-cv-776, ECF 17 and Jan. 13, 2014 Minute Order (D.D.C.); *Banner Health v. Sibelius*, No. 10-cv-1638, ECF 26, 29 (D.D.C.).

Plaintiffs contend that it is improper for the government to demand a staggered schedule for filing summary judgment briefs that ultimately leaves the government with the last word, even though the government intends to do nothing more than oppose Plaintiffs' arguments. This Court finally has the opportunity to clarify how these cases should be briefed in this jurisdiction, and Plaintiffs urge the Court to adopt their proposed schedule.

**Defendants' Position:**

The parties agree that Plaintiffs challenge a final rule issued by the Department of Education; that Plaintiffs' claims arise under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706; and that those claims are likely to be resolved as a matter of law at summary judgment. In APA cases like this one, the district court acts as an appellate tribunal, addressing legal arguments about the validity of the agency's action based on the administrative record compiled by the agency. *E.g.*, *Redeemed Christian Church of God v. USCIS*, 331 F.Supp.3d 684, 694 (S.D. Tex. 2018) (Rosenthal, C.J.) (quoting *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001)). Because such cases are resolved as a matter of law, each party is entitled to, and typically does, move for summary judgment, and the Court 's decision is based on consideration of the parties' cross-motions.

In order to maximize efficiency and minimize burdens on the Court and the parties, it is common practice in APA challenges such as this to order a sequential (not simultaneous) briefing schedule, and to require the plaintiff, as the party challenging a federal agency's final rule, to file the first brief, in the form of its motion for summary judgment. The defendant agency would then

respond with a combined opposition to the plaintiff's motion for summary judgment and cross-motion for summary judgment (the second brief). The plaintiff would then file a combined reply in support of its motion and opposition to the agency's cross-motion (the third brief). The agency would then file a reply in support of its cross-motion as the fourth brief. Defendants urge the Court to adhere to this practice, and to reject Plaintiffs' wasteful and impractical counter-proposal.

The typical practice is grounded in common sense, promotes judicial economy, and conserves the Court's and the parties' resources. It makes sense for Plaintiffs to move first in this context, rather than for the parties to file simultaneous cross-motions, because Defendants' arguments in their cross-motion will necessarily depend on *Plaintiffs*' arguments about how the agency action is supposedly flawed as a matter of law. Although Plaintiffs suggest that their claims are "spelled out" in their Complaint, a complaint by its nature merely sets forth a party's claims. Defendants will not know on which legal arguments Plaintiffs will seek to rely in order to prevail on those claims until Plaintiffs file their motion. Under a simultaneous approach, Defendants would therefore have to guess what Plaintiffs will argue and anticipatorily respond in their first brief while Plaintiffs' simultaneously-filed first brief may end up making those anticipated arguments differently, or not at all, and it may also make arguments Defendants did not anticipate. The parties would then have to start the process all over again in their second set of briefs, as each simultaneously responds to the other's prior brief, ultimately generating two parallel but separate and confusing three-brief cycles that would likely be replete with redundant, irrelevant, and/or unresponsive material.

Plaintiffs' proposed solution to such inefficient and ineffective briefing is to suggest that Defendants need not file a cross-motion at all because the Court has discretion to issue summary judgment for a non-moving party under Fed. R. Civ. P. 56(f). However, Plaintiffs cite no authority

for the notion that Defendants could properly be prohibited from filing a cross-motion and instead be forced to rely on a court's discretion to grant relief that has not been expressly sought. Such a procedure could result in inadvertent confusion regarding the court's disposition of a case, which could in turn, among other negative results, complicate the record for appeal.

Plaintiffs also suggest there is something improper about Defendants addressing Plaintiffs' arguments on the merits of Plaintiffs' claims in a cross-motion. But again, their argument is unsupported. Contrary to Plaintiffs' suggestion, a defendant's arguments in an APA case that summary judgment should be entered in the agency's favor necessarily encompass its rebuttal of the plaintiff's legal challenges to the agency's decision. *Cf. Utah v. Walsh*, No. 2:23-CV-016-Z, 2023 WL 6205926, at *3 (N.D. Tex. Sept. 21, 2023) (recognizing that, in an APA case, "[t]he entire case on review is a question of law, and only a question of law" (quoting *Pol'y & Rsch., LLC v. HHS*, 313 F. Supp. 3d 62, 74 (D.D.C. 2018)). In accord with such principles, courts consistently recognize that APA cases can be and properly are decided based on cross-motions for summary judgment where the parties' arguments in favor of their own summary judgment motion and in opposition to the other party's cross-motion largely overlap. *E.g., id.* at *1 (addressing cross-motions filed through a sequential briefing schedule); *Timilsina v. Bryson*, No. 3:22-CV-1327-D, 2023 WL 5517218, at *3 (N.D. Tex. Aug. 25, 2023) (same); *Texas Med. Ass'n v. U.S. Dep't of Health & Hum. Servs.*, 654 F. Supp. 3d 575, 586 (E.D. Tex. 2023) (same).

The parties' scheduling dispute here thus boils down to the question of whether the Court should enter a simultaneous or a sequential cross-motion briefing schedule. Defendants maintain that a sequential, or "staggered," briefing schedule as described above is preferable because it allows the parties and the Court to focus on the legal issues that are *actually* in dispute, allows the parties to present more concise and responsive legal arguments, and maximizes the utility of the

9

briefing for the Court. Staggered briefing also results in only four briefs, rather than six, because it combines Defendants' opposition and cross-motion into a single brief, and similarly combines Plaintiffs' opposition and reply briefs. It thus streamlines the legal arguments, avoiding unhelpful and duplicative briefing, wasted resources, and a cluttered record. For this reason, courts, including this Court, have routinely approved such schedules, most commonly with plaintiffs' agreement (which plaintiffs routinely provide), but also over plaintiffs' objection.[1] *E.g.*, Minute Order of Feb. 4, 2015, *Banner Heart Hosp. v. Burwell*, No. 1:14-cv-1195 (D.D.C.) (granting defendants' requested staggered briefing schedule).

Plaintiffs' concern that Defendants' proposed schedule will leave Defendants with the proverbial "last word" does not justify adoption of their confusing and inefficient approach. Indeed, although a moving party (whether the movant is the plaintiff or the defendant) typically is entitled to the last word with respect to its own motion, "[w]hen parties submit cross motions for summary judgment which largely address the same issues, judicial economy is served by considering the arguments from both motions (and related responses and replies) together." *Gen. Motors Corp. v. Am. Ecology Env't Servs. Corp.*, No. CIV. A. 399CV2625L, 2001 WL 1029519, at *1 n.2 (N.D. Tex. Aug. 30, 2001) (concluding that, because it could consider all briefs, including the defendant's reply brief, together, the defendant's request that the Court consider its reply brief to its cross-motion as a surreply in connection with the plaintiff's original summary judgment motion was unnecessary). As explained above, the fact that the four-brief schedule gives each party the opportunity to file two briefs simply reflects that it is a streamlined, more efficient version

---

[1] The following is but a few examples of cases in which this Court has adopted staggered four-brief summary judgment schedules with the plaintiffs' full agreement: *Data Mktg. P'ship, LP v. U.S. Dep't of Labor*, No. 4:19-cv-800-O (N.D. Tex.) (*see* Order of Feb. 17, 2020, ECF No. 19); *Texas v. Cardona*, No. 4:23-cv-604-O (N.D. Tex.) (*see* Order of Sept. 12, 2023, ECF No. 21); *Mock v. Garland*, No. 4:23-cv-95-O (N.D. Tex.) (*see* Order of Nov. 3, 2023, ECF No. 96).

of the three-briefs-per-side simultaneous cross-motion schedule. Defendants therefore urge the Court to reject the inefficient simultaneous cross-motion schedule proposed by Plaintiffs and instead adhere to the more efficient four-brief staggered briefing schedule.

Aside from their disagreement regarding the ordering and number of briefs, Defendants are amenable to the general timeframe set forth in Plaintiffs' proposed schedule. Defendants therefore propose a modified version of Plaintiffs' proposed schedule as follows:

**April 30, 2024:** Defendants will lodge the administrative record. Due to the voluminous nature of the record, Defendants anticipate that, on or before this date, they will mail the Court and counsel for Plaintiffs thumb drives or other storage media containing a copy of the entire record and will file a Notice of Lodging on the docket of the case.

**July 30, 2024:** Plaintiffs shall file their motion for summary judgment

**September 13, 2024**: Defendants shall file a combined cross-motion for summary judgment and opposition to Plaintiffs' summary judgment motion

**October 25, 2024**: Plaintiffs shall file a combined reply in support of their summary judgment motion and opposition to Defendants' cross-motion

**November 22, 2024:** Defendants shall file a reply in support of Defendants' cross-motion

Accordingly, Defendants respectfully request that Defendants' proposed schedule as set forth above be entered. Defendants appreciate the Court's consideration and respectfully request entry of Defendants' Proposed Order submitted to the Court via email.

DATED: March 15, 2024      Respectfully submitted,

| | |
|---|---|
| /s/ Joakim G. Soederbaum | BRIAN M. BOYNTON |
| Joakim G. Soederbaum (Texas Bar No. 24091338) | Principal Deputy Assistant Attorney General |
| Duane Morris LLP | MARCIA BERMAN |
| 777 Main Street, Suite 2790 | Assistant Director, Federal Programs Branch |
| Fort Worth, TX 76102 | |

Telephone:  +1 817 704 1000  
Fax:  +1 817 704 1001  
JSoederbaum@duanemorris.com  

John M. Simpson (admission application forthcoming, D.C. Bar No. 256412)  
Drew T. Dorner (admission application forthcoming, D.C. Bar No. 1035125)  
Duane Morris LLP  
901 New York Avenue NW, Suite 700 East  
Washington, D.C.  20001-4795  
Telephone: +1 202 776 7800  
Fax: +1 202 776 7801  
JMSimpson@duanemorris.com  
DTDorner@duanemorris.com  

Edward M. Cramp (admission application forthcoming, California Bar No. 212490)  
Duane Morris LLP  
750 B Street, Suite 2900  
San Diego, CA 92101-4681  
Telephone: +1 619 744 2200  
Fax: +1 619 744 2201  
EMCramp@duanemorris.com  
*Counsel for Plaintiffs*

/s/ Kathryn L. Wyer  
KATHRYN L. WYER (Utah Bar No. 9846)  
U.S. Department of Justice, Civil Division  
1100 L Street, N.W., Room 12014  
Tel. (202) 616-8475  
kathryn.wyer@usdoj.gov  
*Counsel for Defendants*