**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

AMERICAN ASSOCIATION OF
COSMETOLOGY SCHOOLS *et al.*,

        *Plaintiffs*,

        v.

UNITED STATES DEPARTMENT OF
EDUCATION, *et al.*,

        *Defendants*.

No. 4:23-cv-01267-O

**DEFENDANTS' MOTION FOR AN EXTENSION OF TIME**

Defendants respectfully request that the Court extend the time within which Defendants

may file a reply in support of their combined Cross-Motion for Summary Judgment. Good cause

exists for the requested extension, as set forth below.

Plaintiffs American Association of Cosmetology Schools and one of its members

(collectively, "AACS") filed their complaint in this Administrative Procedure Act ("APA") case

on December 22, 2023, and first proposed filing their summary judgment motion on July 30, 2024.

*See* ECF 14. Two other AACS members (collectively, "Ogle School") then filed a separate case,

*Ogle School Mgmt., LLC v. U.S. Dep't of Educ.*, No. 4:24-cv-259, in this Court on March 20, 2024,

and sought a preliminary injunction, but this Court denied their motion on June 20, 2024. *Ogle*

*School* ECF 31. After the two cases were consolidated under the above caption, both sets of

Plaintiffs proposed, and Defendants agreed, that Plaintiffs' summary judgment motions would not

be filed until September 13, 2024. *See* Proposed Amended Briefing Schedule [ECF 25], at 1. The

Court adopted the proposed schedule [ECF 31], and pursuant to that schedule, Plaintiffs filed

separate motions for summary judgment on September 13, 2024 [ECF 28, 31]; Defendants filed a combined and consolidated opposition and cross-motion on November 8, 2024 [ECF 33], and Plaintiffs filed separate replies/cross-oppositions on December 20, 2024 [ECF 40, 49].

Defendants' reply is currently due January 31, 2025. However, due to a personal emergency, undersigned counsel—who is the only line attorney assigned to this case—had to move a briefing deadline in another case from December 23, 2024 to January 17, 2025. In addition, Defendants met another deadline in this case on January 10, 2025, filing an opposition to AACS's motion to strike, as well as a reply in support of Defendants' motion to strike. [ECF 61, 62]. Undersigned counsel also had a hearing in a third case—initially set on December 9, 2024 for December 19, 2024, and subsequently continued, first to January 9, then to January 10, and then to January 14, 2025—requiring out of town travel.  Moreover, AACS's combined opposition/reply brief was 75 pages long—despite the parties' agreement limiting such briefs to 50 pages, *see* ECF 25. An amicus also filed a separate brief in support of Plaintiffs on December 26, 2024 [ECF 56].

In light of these unanticipated circumstances, undersigned counsel will not have sufficient time to prepare a reply by the current deadline of January 31, 2025. The requested extension will promote judicial economy by allowing Defendants additional time to prepare a robust response to Plaintiffs' filings, aiding the Court's consideration. In addition, Defendants seek additional time because a new Administration has recently taken office, and undersigned counsel as well as Department staff need time to ensure relevant incoming personnel are able to participate in any further decision-making in this case. Defendants therefore respectfully seek an extension of the reply deadline up to and including March 3, 2025.

Meanwhile, Plaintiffs will face no prejudice from the requested extension. Although some schools have now reported data as required by the challenged regulations, the Department must

proceed with a number of further steps before any results under the regulations might be determined or made public. Defendants see no prospect that such determinations would be completed before the requested reply deadline of March 3, 2025. Thus, no school faces any adverse consequence during that period.

Accordingly, Defendants respectfully request that the deadline for Defendants to reply in support of their Cross-Motion for Summary Judgment be extended up to and including March 3, 2025. Undersigned counsel has conferred with counsel for Plaintiffs, who indicate that Ogle School takes no position regarding the requested extension, and that AACS opposes the extension. Defendants appreciate the Court's consideration and respectfully request entry of the attached proposed order.

DATED:  January 24, 2025                    Respectfully submitted,

                                            BRETT A. SHUMATE
                                            Acting Assistant Attorney General

                                            MICHELLE BENETT
                                            Assistant Director, Federal Programs Branch

                                            /s/ Kathryn L. Wyer
                                            KATHRYN L. WYER ((DC Bar #90023642)
                                            U.S. Department of Justice, Civil Division
                                            1100 L Street, N.W., Room 12014
                                            Tel. (202) 616-8475
                                            kathryn.wyer@usdoj.gov
                                            *Counsel for Defendants*

**CERTIFICATE OF CONFERENCE**

On January 23, 2025, counsel for Defendants emailed counsel for Plaintiffs AACS—Edward Cramp, Drew Dorner, John Simpson—and Ogle School—Paul Clement, Andrew Lawrence, and Kevin Wynosky—regarding Defendants' request for an extension of time for Defendants' reply. On January 24, 2025, Drew Dorner responded by email that the AACS plaintiffs would consent to a three-day extension, to the Monday following the current Friday deadline, but they would oppose the requested 31-day extension, among other things stating that, because the challenged regulations have not been enjoined, "there is nothing stopping the Department [of Education ("Department")] from taking adverse actions against" schools that have already reported data to the Department, and citing AACS's prior opposition to a staggered briefing schedule. Counsel for Defendants responded that there remained a number of steps before the calculations contemplated under the regulations could be completed, and there was no prospect that any school would face any adverse consequence during the requested extension period. Counsel for Defendants also noted that the Department needs to ensure that relevant personnel onboarding from the new Administration are able to be involved in decision-making, and they are still in a transition period. Counsel for Defendants asserted that the requested extension was thus reasonable under the circumstances but that Defendants' motion would note AACS's opposition. Andrew Lawrence responded by email that Ogle School takes no position on Defendants' requested extension.

*s/ Kathryn L. Wyer*
Kathryn L. Wyer
