IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN ASSOCIATION OF COSMETOLOGY SCHOOLS *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, <br><br> *Defendants*. | No. 4:23-cv-01267-O |

**CONSENT MOTION TO STAY PROCEEDINGS**

Defendants, with Plaintiffs' consent, respectfully seek a 90-day stay of proceedings, including Defendants' deadline to reply in support of their combined Cross-Motion for Summary Judgment, in order to allow additional time for incoming U.S. Department of Education ("Department") officials in the new Administration to become familiar with and evaluate their position regarding the issues in this case. The parties agree that a stay will promote judicial economy and conserve the resources of the parties and the Court by allowing the Department to further evaluate its views regarding the underlying regulations in the first instance before presenting further briefing to the Court. Meanwhile, the Department has encountered practical challenges in its efforts to implement the regulations at issue in this case—the Financial Value Transparency and Gainful Employment Final Regulations, 88 Fed. Reg. 70004 (Oct. 10, 2023)— during this first year and, as a result, does not expect to issue any results for the initial year's metric calculations under those regulations before the fall. Plaintiffs therefore will not be prejudiced by the requested stay.

Federal district courts have the authority to control their own dockets, including broad discretion to stay proceedings to promote judicial economy and avoid unnecessary expenditure of resources by the Court, counsel, and parties. *See Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000); *see also Clinton v. Jones,* 520 U.S. 681, 706 (1997) (recognizing a "District Court has broad discretion to stay proceedings as incident to its power to control its own docket"); *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). "When considering a motion to stay, courts traditionally evaluate (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Slick Slide LLC v. NKDZ DFW, LLC*, No. 4:23-CV-00643-O, 2024 WL 733641, at *1 (N.D. Tex. Feb. 19, 2024) (internal quotation omitted). Here, all factors favor a stay.

First, Plaintiffs will not be unduly prejudiced or tactically disadvantaged by the requested stay. As an initial matter, the challenged regulations by their own terms do not contemplate any impact on Plaintiffs or their member schools for an extended period after the regulations went into effect on July 1, 2024. Under the challenged gainful employment ("GE") regulations, the Department must complete two years' worth of calculations under the regulations' two performance metrics before any GE program could lose Title IV eligibility; any such program would have to fail the same metric two out of three consecutive years for such a result to occur. 34 C.F.R. § 668.603(a). In addition, the Department website where metrics results would ultimately be posted is not anticipated to be completed before July 2026. 34 C.F.R. § 668.43(d)(1).

In addition, the Department, in a declaration attached hereto, has now provided assurance that the potential harm that plaintiff American Association of Cosmetology Schools ("AACS") previously identified, when opposing Defendants' request for a two-week extension, will not occur. AACS had suggested that the Department may issue the first year's metric results at any time, and that any career training program that received a "failing" result under either of the metrics would then face heightened security requirements under a separate provision that is not part of the challenged regulations, 34 C.F.R. § 668.171(c)(2)(iii). However, the Department has not yet calculated the first year's metrics, much less released the results of those calculations; indeed, it already extended the deadline by which schools may report certain data that is needed for the calculations, to February 18, 2025.[1] The Department's declarant explains that the new Administration is considering schools' request for a further extension of this deadline. Declaration of James Bergeron ¶ 3. In addition, due to "a number of technical and operational complexities," the Department currently estimates that the first year's metrics could not be issued before early fall. *Id.* Thus, "the Department will not issue individually or post publicly any results of the metric calculations contemplated by the Final Rules, nor will the Department initiate any measures against schools" based on their results, during the pendency of the requested stay. *Id.* ¶ 4.

Second, a stay may ultimately help simplify the issues by avoiding further proceedings that may be unnecessary, and providing time for further Department consideration that may result in narrowing or changing the issues before the Court. As the Department's declarant explains, incoming officials in the new Administration have not yet had time to familiarize themselves with the challenged regulations or make any decisions regarding their ongoing implementation or

---

[1] Electronic Announcement GE-25-01, available at https://fsapartners.ed.gov/knowledge-center/library/electronic-announcements/2025-01-17/reopening-fvt-and-ge-debt-reporting-process-until-mid-february.

potential reevaluation. *Id.* ¶ 3. Such consideration is important to ensure that further briefing in this case is in accord with the Administration's policy preferences. It would promote judicial economy to stay proceedings for 90 days so that the new Administration has more time to formulate a position on these issues before Defendants file their final brief in the case.

Third, a stay will not disrupt any currently scheduled hearings or trial dates. Because Plaintiffs have raised claims under the Administrative Procedure Act, the parties have filed cross-motions for summary judgment based on an administrative record. The final brief, Defendants' reply in support of their combined Cross-Motion, is currently due February 14, 2025. However, no hearing has been scheduled, and a further postponement of Defendants' deadline would not prejudice Plaintiffs and would promote judicial economy for the reasons already described.

Undersigned counsel has conferred with counsel for Plaintiffs, who indicate that Plaintiffs consent to the requested stay in light of the assurances provided in the accompanying declaration, and on condition that any party may move to modify the stay at any time.

Accordingly, Defendants respectfully request, with Plaintiffs' consent, that the Court stay proceedings in this case for 90 days, with a corresponding extension of Defendants' current reply deadline up to and including May 16, 2025. In the event the stay is modified, Defendants' deadline will be four days after the stay is lifted, but Defendants reserve the right to seek an extension of that deadline based on good cause. Defendants appreciate the Court's consideration and respectfully request entry of the attached proposed order.

DATED:  February 10, 2025                    Respectfully submitted,

                                                  BRETT A. SHUMATE
                                                  Acting Assistant Attorney General

                                                  MICHELLE BENETT
                                                  Assistant Director, Federal Programs Branch

<u>/s/ Kathryn L. Wyer</u>
KATHRYN L. WYER ((DC Bar #90023642)
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov
*Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

On February 7, 2025, counsel for Defendants emailed counsel for Plaintiffs AACS—Edward Cramp, Drew Dorner, John Simpson—and Ogle School—Paul Clement, Andrew Lawrence, and Kevin Wynosky—regarding Defendants' requested stay. The parties exchanged several emails in the following days, and counsel for Defendants provided counsel for Plaintiffs with a copy of Mr. Bergeron's declaration as well as a draft of this motion. Counsel for Plaintiffs ultimately indicated that Plaintiffs agree to the requested stay.

*s/ Kathryn L. Wyer*
Kathryn L. Wyer
